## DECEPTION AS TO THE CHARACTER OF A FIRE INSURANCE POLICY.

Circuit Court of Stark County.

THOMAS F. WILLIAMS v. RECEIVER OF AETNA FIRE ASSOCIATION.

Decided, 1907.

*Fire Insurance—Giving of a Mutual Policy the Appearance of a Standard Cash Policy—Fraudulently Inducing the Acceptance of a Mutual Policy—Insured not Estopped from Denying Liability for Assessments by Accepting Policy, When—Concealed Contracts of Contingent Liability—Section 3653.*

A mutual fire insurance company issuing a policy without the word "mutual" conspicuously printed therein, as provided by Section 3653, Revised Statutes, and inducing its acceptance by falsely and fraudulently representing that there would be no contingent liability thereon, acts unlawfully and commits a fraud upon persons induced thereby to enter into an agreement with the company. Hence when the insured informed the agent that he would not accept a policy in a mutual company, or in a company where there was such contingent liability for future assessments, and there was sent him through said agent a paper writing, in form and appearance like unto a standard cash policy of insurance, which was received by him after paying the sum specified therein as the cash premium, and placed with other like papers without critical inspection, where it remained until he received notice to pay an assessment thereunder, several months later, he did not enter into an undertaking to accept such policy, nor is he estopped from denying liability thereunder.

DONAHUE, J.; McCARTY, J., and TAGGART, J., concur.

Error to Stark County Common Pleas Court.

This proceeding in error is prosecuted to reverse a judgment rendered against the plaintiff in error in the court of common pleas of this county. The case was submitted to the court, without the intervention of a jury, and after hearing the testimony, a judgment was rendered against plaintiff in error, which is now sought to be reversed .

The record discloses that the plaintiff in error was solicited by the agent of the defendant in error to take insurance in the de-

fendant company. It is claimed on his behalf that he distinctly refused to take any insurance in any mutual association, or any company in which there was a contingent liability for future assessments. This agent then represented that the Aetna Fire Association was a strictly cash company; that it issued a policy for a sum named therein as premium, and that there was no contingent liability for future assessments.

The record further shows that the plaintiff in error informed the agent of the company that he would not accept a policy in a mutual company, or a company wherein there was such contingent liability for future assessment. This, in substance, is the record of what transpired between the agent of the company and the plaintiff in error at the time he agreed that a policy of the kind that was represented to him might be issued, and that he would accept and pay for the same.

The record further shows that some time thereafter there was sent to him through said agent, a paper writing in form and appearance like unto a standard cash policy of insurance, which was received by him, the sum specified therein as the cash premium was thereupon paid by him, and he placed the same with his other papers in the desk, without giving it a critical and minute examination.

The record further shows that within a year, upon a notice of assessment being sent to him, he appealed to the agent soliciting the insurance, and was informed that he, the agent, as well as the plaintiff in error, had been deceived in respect to. the character of the instrument or policy so delivered to him, and that he, the agent, had canceled said policy, and thereupon the plaintiff in error substituted other insurance for the insurance that was supposed to be covered by the policy in question.

It is now claimed by the plaintiff in error that the inducements, representations and statements of the agent of the company were false and fraudulent in respect to the kind and character of policy which the company issued.

It is further claimed that the company was not authorized, under its charter, to issue a policy such as was issued to the plaintiff in error herein; that by failing to comply with the statute, Revised Statute 3653, in having printed conspicuously

upon the policy the word "mutual," or having the word "mutual" printed in the policy, the act of issuing such contracts of insurance and inducing their acceptance, was unlawful, and a fraud upon persons induced thereby to enter into an engagment with this company; that by omitting the word "mutual," and by permitting these representations to be held out, persons were induced to accept contracts of insurance that they otherwise would not have accepted.

On the other hand, it is contended that the plaintiff in error accepted this instrument with an opportunity to investigate; retained the same for so long a time that he is now estopped from denying liability thereunder; and that is concluded by the recitals contained in the same.

With the conclusions of the trial court in this case we are not in accord. We think, first, that the plaintiff in error negotiated with the agent for a cash policy, and the record distinctly shows that he engaged to enter into a contract wherein he would become insured in a company issuing a policy, the premium on which was for a fixed sum, and under which there would be no contingent liability. So that he never entered into any engagement or undertaking to receive and accept a policy of the kind or character that was thereafter delivered to him.

This brings us to the second consideration: Does the mere fact of accepting a policy or instrument of this kind, and retaining it for the time indicated in this record, estop him now from denying that he was a member of said company, or that he had accepted and thereby impliedly was bound to pay such sums as might be assessed thereafter under and by virtue of its provisions?

We think there is enough shown in this record, calculated and intended to mislead, that this company can not now say that the plaintiff in error was estopped.

It is conceded that the defendant here did not sign the constitution and by-laws of this company, but it is claimed, under authority of *Richards* v. *Lipp Co.*, 69 Ohio St., 359, that having accepted the policy and held the same for a considerable length of time he can not avail himself of this defense, and that would

be true if he accepted the policy with knowledge of its true char-
acter and the provisions contained therein, or accepted it under
such conditions that he would be required as a matter of law to
know its contents; but if he was deceived by the representations
of the agent as to the kind and character of the policy that was
to be issued to him, and these false representations were followed
by the delivery of the policy, which upon its face is calculated to
deceive and defraud the purchaser of insurance and induce him
to believe that it is to all intents and purposes the contract of
insurance that he has agreed to purchase, then a very different
question arises. Must he be required under any and all circum-
stances fully to advise himself of each and every covenant in the
written contract presented to him, or may he be permitted to
rely upon the representations of the agent of the company and
those portions of the written policy made prominent and con-
spicuous therein in such a form as would be, and as we believe
were in fact made, for the purpose of deceiving.

This policy purports on its face to insure the defendant's
property for one year from its date for a sum fixed and certain.
True, it is recited, also, that the other conditions and covenants
written therein shall obtain, but that is true of every standard
policy written for cash premiums and without any contingent
liability for further assessments, so that there was nothing ex-
traordinary to call his attention to the fact that the policy was
not the character of contract he had made with the agent. In
fact, no more clever method could have been devised for mislead-
ing the average business man and preventing him from reading
the entire policy than by the adoption of what is known as the
standard policy, with the sole exception of writing into it a con-
tract of contingent liability, and to our minds it sufficiently
excuses the defendant from searching through all the labyrinth
of covenants to discover the contingent obligation hidden therein,
and this case, by no means, measures up with the doctrine of
estoppel in Ohio, for the very first requisite of such estoppel is
either actual knowledge on the part of the individual sought to
be estopped, or such conduct and negligence on his part as would
preclude him from claiming that he had no such knowledge; and

again it is true that such negligence must not be induced by the fraud or representations of the other contracting party, and if so, it will be of no avail.

True, it is contended that the rights of third persons have intervened. This record fails to disclose, as we take it, that there was anyone who became a member of this association, who incurred any rights, or who are entitled to recover in consequence of their reliance upon this plaintiff in error's being a member of said association, or of holding this policy the length of time which he did hold it, and in consequence thereof became a creditor or obtained any rights against this company.

Neither does the record show, as we have examined it, that any one became a member of this association after the date of the delivery of this policy to the plaintiff in error. If they became members of this association before, then they could not rely upon the plaintiff in error, nor could the rights of any third persons have intervened.

We think that to hold the plaintiff in error herein, must be upon the ground of estoppel—and the petition is based upon that ground—that the plaintiff in error received and accepted this policy of insurance and became bound by its terms; that there must have been rights which accrued in favor of persons in consequence of the conduct of the plaintiff in error, which we think this record does not show; that the plaintiff in error must with knowledge, or with such facts as now in good faith preclude him from denying that he had knowledge of the contents of said instrument, have accepted the same, and thereafter retained the same for so long a time that he can not now be heard to say that he was deceived thereby. We do not think that the evidence in this case contains or has probative force enough to meet these conditions; and, as it appeals to us, we think the judgment of the court of common pleas was manifestly against the weight of the evidence, and was contrary to the evidence and to the law of the case.

Upon this ground it is the judgment of this court that a new trial should have been granted, and that there was error in the court in overruling the same. The judgment of the court of

common pleas will be reversed on the ground indicated, and the cause remanded for further proceedings according to law. Exceptions will be noted on behalf of the defendant in error.

*Webber & Turner*, for plaintiff in error.

*Shields & Pomerene*, contra.